IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| **MEGAN STYLES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No.: 12-cv-540 |
| ) | |
| **MERCANTILE ADJUSTMENT** ) | |
| **BUREAU, LLC, FINANCIAL** ) | |
| **RECOVERY SERVICES, INC.,** ) | |
| **RESURGENT CAPITAL SERVICES,** ) | |
| **L.P., and LVNV FUNDING LLC,** ) | |
| ) | Jury Trial Demanded |
| **Defendants.** ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"), in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### PARTIES

4. Plaintiff Megan Styles (hereinafter referred to as "Plaintiff" or "Ms. Styles") is a natural person who lives in this district and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Mercantile Adjustment Bureau, LLC (hereinafter "Defendant MAB") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served through its agent for service of process in Tennessee as follows: National Registered Agents, Inc., 2300 Hillsboro Road, Suite 305, Nashville, TN 37212-4927.

6. Defendant Financial Recovery Services, Inc. (hereinafter "Defendant FRS") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6), and may be served through its agent for service of process in Tennessee as follows: C T Corporation System, 800 South Gay Street, Suite 2021, Knoxville, TN 37929-9710.

7. Defendant Resurgent Capital Services, L.P. (hereinafter "Defendant RCS") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6), and may be served through its agent for service of process in Tennessee as follows: C T Corporation System, 800 South Gay Street, Suite 2021, Knoxville, TN 37929-9710.

8. Defendant LVNV Funding LLC (hereinafter "Defendant LVNV") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served through its agent for service of process as follows: C T Corporation System, 800 South Gay Street, Suite 2021, Knoxville, TN 37929-9710.

**FACTUAL ALLEGATIONS**

9. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card bill allegedly originally owed to or serviced by Credit One Bank, N.A.

2
Case 3:12-cv-00540-TAV-CCS   Document 1   Filed 10/15/12   Page 2 of 13   PageID #: 2

10. The FDCPA bars debt collectors from communicating with third parties other than the consumer, the consumer's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, except under certain very limited circumstances enumerated by statute, i.e., acquiring the consumer's "location information". 15 U.S.C. §§ 1692a(7), 1692c(b) and 1692b.

11. Upon information and belief, Defendants do not maintain (i.e., actually employ or implement) procedures to avoid errors under the FDCPA.

*October 10, 2011 Collection Letter from Mercantile*

12. On or about October 10, 2011, Defendant MAB sent a collection letter dated October 10, 2011 to Plaintiff. (see attached Exhibit A).

13. The October 10, 2011 collection letter from Defendant MAB was a "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14. The October 10, 2011 collection letter stated that: (a) the current creditor on the account was Defendant LVNV; (b) Defendant LVNV's account number was 4447-9621-6053-4123; (c) the last four digits of Defendant MAB's reference number was 9792; and (4) Plaintiff owed a balance of $660.90.

15. The October 10, 2011 collection letter further stated that:

> "We are authorized to settle this account for a reduced amount of $330.45, which must be received on or before 10-31-11."

16. The October 10, 2011 collection letter also stated that:

> "**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**"

(All bold capital letters in original)

### *March 12, 2012 Collection Letter and Privacy Notice from FRS*

17. Defendant FRS sent Ms. Styles a letter dated March 12, 2012. (see attached Exhibit B).

18. The March 12, 2012 collection letter from Defendant FRS was a "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

19. The March 12, 2012 collection letter stated that: (a) Defendant FRS's client was Defendant RCS; (b) the current creditor on the account was Defendant LVNV; (c) the last four digits of the account were 4123; (d) FRS's File# was FSJ314; and (e) Plaintiff owed a balance of $689.05.

20. The March 12, 2012 collection letter further stated that:

> "We are authorized to offer you the opportunities listed below:
>
> 1. ( ) My account will be paid in full by a one-time payment equal to the balance; Or
>
> 2. ( ) My account will be settled in full by a one-time payment equivalent to 50.00% of the above referenced balance in the amount of $344.52; Or
>
> 3. ( ) My account will be settled in full by three consecutive monthly payments equivalent to 65.00% of the above referenced balance for a total repayment of $447.88; Or
>
> 4. ( ) I will make a monthly payment that is affordable to me at this time as follows, I will pay $_____ monthly until my account is paid in full or another agreement is negotiated. Payments will be sent on or before the ____ of each month."

21. The March 12, 2012 collection letter further stated "As of the date of this letter, you owe 689.05. Because of interest, late charges, and <u>other charges that may vary from day to day</u>, the amount due on the day you pay may be greater." (emphasis added).

22. Defendants never stated the amount of interest being applied to the account in any of their correspondences.

23. In the same envelope as the collection letter was a second document titled "**<u>PRIVACY NOTICE</u>**" and stated that it was being given on behalf of Defendant LVNV and its affiliates (hereinafter "Privacy Notice"). (all bold and underline in original)

24. The Privacy Notice was a "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

25. Defendant LVNV's Privacy Notice mailed by Defendant FRS contains the following statements in pertinent part:

> **<u>Information We May Collect</u>**. The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, <u>such as your name, address, social security number, and assets</u>; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, <u>such as your income and payment history</u>; (3) information that we receive from consumer reporting agencies, <u>such as your creditworthiness and credit history</u>, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information". (Bold and underline in original) (emphasis added)
> . . .
>
> **<u>Sharing Collected Information with Affiliates and Third Parties</u>**
> **<u>Sharing With Affiliates</u>**.
> From time to time, the Sherman Companies may share collected information about customers and former customers <u>with each other and with their affiliated financial services companies in connection with administering and collecting accounts</u>. (Bold and underline in original) (emphasis added)

26. The FDCPA forbids a debt collector from discussing a consumer's debt with any third parties except under limited circumstances not present here.

27. For that reason, without the prior consent of the consumer given directly to the Defendants, they may not communicate with any other person in connection with the collection of the debt, except Plaintiff, her attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, other than for the purpose of acquiring "location information".

28. When Defendants communicated the threat to Plaintiff that they were going to communicate with third parties outside the list enumerated by the FDCPA, they were already aware of all three items of information that are included in the definition of "location information" – where she lived, her telephone number where she lived, and her place of employment.

29. The statement that Defendants communicate with other parties outside of the parties enumerated under the FDCPA is misleading and deceptive.

30. It misleads the least sophisticated consumer into believing that third parties may be contacted and asked to provide information concerning the Plaintiff other than "location information", when the FDCPA forbids such third party contact.

31. It misleads the least sophisticated consumer into believing that Defendants may provide "nonpublic personal information", including the fact that Plaintiff owes a debt to Defendant, when the FDCPA forbids such disclosure.

32. Any procedures maintained (i.e., actually employed or implemented) by Defendants to avoid errors under the FDCPA failed to avoid communicating threats to Plaintiff that they were going to communicate with third parties outside the list enumerated by the FDCPA

when they were already aware of all three items of information that are included in the definition of "location information".

33. If false, the statement that Defendants communicate, in connection with collection of the debt, with third parties outside of the parties enumerated under the FDCPA in violation of 15 U.S.C. §§ 1692b(1), 1692b(2), and 1692c(b), is misleading and deceptive in violation of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), and is an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

34. If true, the third party contact is patently unlawful.

## CAUSES OF ACTION

## FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: FALSE OR MISLEADING REPRESENTATIONS

35. The acts of Defendants constitute violations of the Fair Debt Collection Practices Act. Defendants' violations of the FDCPA include, but are not limited to, the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, which is a violation of 15 U.S.C. § 1692e.

36. The letters from Defendants demanded very odd amounts from Ms. Styles and she is confused as to how Defendants calculated said amounts and what authority they have to demand an unfamiliar amount of interest.

37. The March 12, 2012 letter from Defendant FRS is confusing as it offers Plaintiff a repayment plan with an unstated monthly payment, an unstated monthly due date, and payments for the confusing term of "until my account is paid in full or another agreement is negotiated."

38. A calculation of the time between the letters and the amounts demanded in the letters shows that the account has accrued interest at a rate of 10.095%, which is not the contractual rate of interest.

39. By assigning different account balances and interest rates to the same account, none of which are the applicable contract rate of interest, Defendants have confused Ms. Styles as to what amount of money she owes on this account.

40. By assigning different account numbers to the same account, Defendants have confused the least sophisticated consumer as to what account she owes money on.

41. By constantly changing who is collecting the debt, Defendants have misled and confused Ms. Styles as to who she owes for her Credit One account.

## SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: FALSE OR MISLEADING REPRESENTATIONS

42. The acts of Defendants constitute violations of the Fair Debt Collection Practices Act. Defendants' violation of the FDCPA include, but are not limited to, the use of false, deceptive, or misleading representations in connection with the character, amount, or legal status of the alleged debt, is a violation of 15 U.S.C. §1692e(2).

43. The actual amount of the alleged debt is certainly in question. It is overly confusing as to what amount is owed on this account since the amount of $660.90 is demanded in Defendant MAB's collection letter dated October 10, 2011; then the balance increases to $689.05 pursuant to Defendant FRS's March 12, 2012 letter.

44. By demanding amounts that increase by an unfamiliar interest rate, Defendants have confused Ms. Styles as to what amount of money she owes on this account.

45. Ms. Styles asserts that the constantly changing balance asserted by Defendants demonstrates that they have no knowledge of the correct amount owed, if any. Further, Defendants are making an attempt to keep her confused as to the amount owed so that if she were to make payments on this account she would never know the actual amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by her.

## THIRD VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: UNFAIR PRACTICES

46. The acts of Defendants constitute violations of the Fair Debt Collection Practices Act. Defendants violations of the FDCPA include, but are not limited to, the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, which is a violation of 15 U.S.C. §1692f(1).

47. Ms. Styles is unaware of any "other charges that may vary from day to day" that Defendants may be entitled to and disputes that she is contractually obligated to pay any "other charges that may vary from day to day."

48. The amounts sought by Defendants in their various communications include differing rates of interest and various fees not expressly authorized by the agreement creating the debt or permitted by law, and thus were in direct violation of 15 U.S.C. § 1692f(1).

49. The letters from the various entities hired by Defendants assert different balances owed and after calculating the time that had passed between letters and the change in the amount owed it is obvious the interest and fees charged were not applied consistently

with the contract that Plaintiff signed and thus could not be in compliance with the original agreement creating the debt.

50. Tennessee laws require that creditors and debt collectors only demand interest and fees that are attributable to an account and pursuant to the underlying contract that was signed by the consumer, thus the exorbitant and inconsistent amounts demanded by Defendants are also attempts to collect an amount not permitted by law.

51. Defendants are not applying the interest rates that are in compliance with the contractual or statutory rate of interest.

## FOURTH VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: COMMUNICATING WITH THIRD PARTIES

52. Without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, a debt collector's communication with any person other than a consumer, her attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, in connection with the collection of any debt is a violation of 15 U.S.C. § 1692c(b).

53. The FDCPA forbids a debt collector from discussing a consumer's debt with any third parties except under limited circumstances not present here.

54. Without the prior consent of the Plaintiff given directly to Defendants, it may not communicate with any other person in connection with the collection of the debt other than for the purpose of acquiring "location information." See 15 U.S.C. § 1692b.

55. When Defendant FRS communicated to Plaintiff that it shares all of the personal information they collect about you with the "Sherman Companies" … with nonaffiliated companies … to assist in the servicing of your account(s)", Defendants communicated with third parties outside the list enumerated by the FDCPA.

56. At the time of this communication, Defendant FRS was already aware of all three items of information that are included in the definition of "location information" – where she lived, her telephone number where she lived, and her place of employment – thus Defendant FRS was not communicating with third parties for the purpose of acquiring location information.

57. As a result of Defendant FRS's actions, Ms. Styles is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

*Respondeat Superior Liability*

58. In addition to their individual liability under the FDCPA, the acts and omissions of Defendant FRS, Defendant MAB, Defendant RCS and any other debt collectors hired as agents by Defendant LVNV and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of its agency relationship with its principals, Defendant LVNV.

59. The acts and omissions by Defendant FRS, Defendant MAB, Defendant RCS and any other debt collectors hired as agents by Defendant LVNV and who communicated with Plaintiff as more further described herein, were incidental to, or of the same general nature as, the responsibilities it was authorized to perform by Defendant LVNV in collecting consumer debts.

60. By committing these acts and omissions against Plaintiff, Defendant FRS, Defendant MAB, Defendant RCS and any other debt collectors hired as agents by Defendant LVNV and who communicated with Plaintiff as more further described herein, were motivated to benefit its principal, Defendant LVNV.

61. Defendant LVNV is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by Defendants including, but not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

*Summary*

62. The above-detailed conduct by Defendants and their agents in connection with collection of the debt, was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

## TRIAL BY JURY

63. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANTS AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

a) That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in

an amount to be determined at a trial by a jury;

        b)       That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

        c)       That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

        d)       That the Court declare all defenses raised by Defendants to be insufficient; and

        e)       That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this the 15th day of October, 2012.

        */s/ Justin A. Brackett*
Justin A. Brackett, BPR #024326
Attorney for Plaintiff
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
(865) 688-0868